UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LARRY M. STOVALL,

        Plaintiff,

v.

TOM PRISK et al.,

        Defendants.
_____/

Case No. 2:22-cv-146

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues Deputy Warden Doug Tasson and Chaplain Tom Prisk.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that he is a practicing Muslim. (ECF No. 1, PageID.2.) Muslims, including Plaintiff, participate in a Friday gathering known as Al-Jumuah "to make what is known as congregational prayer." (*Id.*)

At some point prior to May 14, 2021, Plaintiff was released from segregation at MBP. (*Id.*) He wrote multiple kites asking to be placed on the call out for Friday's Al-Jumuah gathering. (*Id.*) On May 14, 2021, Defendant Prisk cancelled Al-Jumuah services, claiming that MBP was on "COVID outbreak status." (*Id.*) Plaintiff avers, however, that MBP was still offering call outs for gym time to inmates, "in direct contradiction to Defendant Prisk's letter." (*Id.*, PageID.2–3.)

Subsequently, Defendant Tasson cancelled Friday Al-Jumuah services on November 26, 2021, to "accommodate staff for the Thanksgiving [h]olidays." (*Id.*, PageID.4.) Al-Jumuah services were cancelled again on December 24, 2021, and December 31, 2021. (*Id.*) Plaintiff contends that the Friday prayer is "a way of life/practice" and that Defendants' actions infringed upon his religious practice. (*Id.*)

Based upon the foregoing, Plaintiff contends that Defendants violated his First Amendment free exercise rights. (*Id.*) The Court also construes Plaintiff's complaint to assert a claim for relief under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq.* Plaintiff seeks compensatory and punitive damages. (*Id.*)

**II.    Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted *supra*, Plaintiff contends that Defendants violated his First Amendment free exercise rights, as well as his rights under RLUIPA, by cancelling the Al-Jumuah Friday services on four separate occasions. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. The right to freely exercise one's religion falls within the fundamental concept of liberty

under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Thus, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held; and (3) Defendants' behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997).

Plaintiff has sufficiently alleged his sincerely held religious beliefs, and there is no doubt that prayer is a religious practice. The next consideration is "whether the challenged practice of the prison officials infringes upon the religious belief . . . ." *Kent*, 821 F.2d at 1224–25. A practice will not be considered to infringe on a prisoner's free exercise of religion unless it "place[s] a substantial burden on the observation of a central religious belief or practice . . . ." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); *see also Welch*, 627 F. App'x at 485 (McKeague, J., dissenting) ("To violate the First Amendment, the diet must impose a substantial burden on the inmate's exercise of religion."). "[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). "[A] 'substantial burden' is a difficult threshold to cross." *Id.* at 736. Such a burden "must place more than an inconvenience on religious exercise." *Id.* at 739 (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 20014)). A particular

6

government action will not be considered a substantial burden merely because it "may make [the] religious exercise more expensive or difficult." *Id.*

The Court's analysis of Plaintiff's RLUIPA claim parallels the analysis of his First Amendment free exercise claim. In relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). The term "religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.*, § 2000cc-5(7).

The phrase "substantial burden" is not defined in RLUIPA. The Sixth Circuit has relied upon the Act's legislative history to conclude that the term has the same meaning under RLUIPA as provided by the Supreme Court in its decisions regarding First Amendment free exercise claims. *See Living Water*, 258 F. App'x at 733–34. Thus, a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (citations omitted); *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise). A burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise," *see, e.g.*, *Konikov v. Orange Cnty., Fla.*, 410 F.3d 1317, 1323 (11th Cir. 2005), or does not "pressure the individual to violate his or her religious beliefs." *Living Water*, 258 F. App'x at 734. Such conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word "substantial." *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003).

7

### A.     Free Exercise

As noted above, Plaintiff contends that Defendants substantially burdened his religious exercise on four occasions by cancelling Friday Al-Jumuah services. (ECF No. 1, PageID.4.) Plaintiff, however, fails to show that the cancellation of Al-Jumuah Friday services on four separate occasions substantially burdened the practice of his religion. "Isolated acts or omissions . . . do not constitute a substantial burden on religious freedom." *Mubashshir v. Moore*, No. 3:10-cv-2802, 2011 WL 1496670, at *6 (N.D. Ohio Apr. 19, 2011) (collecting cases); *see also Bennett v. Burt*, No. 1:16-cv-1203, 2016 WL 7034240, at *4 (W.D. Mich. Dec. 2, 2016) (collecting cases that support the proposition that "[b]urdens that are less than substantial or isolated are not of constitutional dimension" (citations omitted)). Plaintiff does not allege that he was unable to conduct his religious practice at all during this time. At most, Plaintiff's inability to gather with other practicing Muslims to conduct Al-Jumuah services during the four days on which such services were cancelled appears to be a de minimis burden on Plaintiff's religious practice. Because Plaintiff has failed to allege facts from which the Court could plausibly infer that his religious practice was substantially burdened by Defendants' cancellation of Al-Jumuah services on four occasions, his First Amendment free exercise claims will be dismissed.

### B.     RLUIPA

RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd Sossamon v. Texas*, 563 U.S. 277 (2011)[2]; *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012)

---

[2] The Supreme Court granted certiorari only on the question "Whether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

("[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .").[3] Moreover, RLUIPA does not permit damages claims against prison officials in their official capacities. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In *Sossamon v. Texas*, 563 U.S. 277 (2011), the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Therefore, although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA.

Here, Plaintiff sues Defendants in their individual and official capacities, and he seeks only monetary damages in this action. (ECF No. 1, PageID.2, 4.) As noted above, Plaintiff may not maintain a RLUIPA claim against Defendants in their individual capacities, and he may not maintain claims for monetary damages against Defendants in their official capacities. Therefore, Plaintiff's RLUIPA claims will be dismissed.

---

[3] In *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014), the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id*. at 567–69. The court stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however, did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  September 22, 2022   /s/ *Maarten Vermaat*
  Maarten Vermaat
  United States Magistrate Judge